THE STATE, EX REL. McKAY, JUDGE, *v.* GROSSMAN, AUD.

318

(No. 327—Decided February 27, 1952.)

*Messrs. Spitler & Flynn,* for relator.
*Mr. Webb D. Tomb,* for respondent.

*Per Curiam.* This is an action in mandamus brought by the state of Ohio, ex rel. C. C. McKay, probate and juvenile judge of Seneca county, Ohio, against A. B. Grossman, auditor of said county, in which the relator prays that a writ of mandamus be issued commanding said A. B. Grossman, as such auditor, to issue and deliver his warrant on the treasurer of Seneca county, in favor of the relator in the sum of $258 which the relator alleges is due him as the balance of his compensation as juvenile judge of said county for the months of June to November 1951, both inclusive.

The cause was submitted to this court upon the petition of the relator and the answer of the respondent, A. B. Grossman, auditor of said county.

The following facts appear from the pleadings:

The relator is the probate and juvenile judge of said county, his term of office in such capacities commencing February 9, 1949, and extending for six years thereafter. That in 1947, the Legislature enacted Section 1639-7*a*, of the Ohio General Code, effective September 18, 1947, and thereafter re-enacted said section, effective February 5, 1949 (123 Ohio Laws, 3), and that said section since said latter date has been continuously in effect, in the following words:

"In all counties where the state is not paying a salary direct to the judge exercising the powers and jur-

isdiction conferred in this chapter the state shall pay into the county treasury of the county, wherein such judge was elected, the sum of fifteen hundred dollars annually. The juvenile judge in such counties shall receive as his annual compensation fifteen hundred dollars. Provided that the combined salaries, allowances and compensation, of the probate judge and juvenile judge of said county shall not exceed the total salary provided by law for a common pleas judge in said county. Said limitation, however, shall be restricted only by the formula established by law for the total salary of a common pleas judge in said county whose term of office has begun, or will begin, subsequent to September 18, 1947. Any unusued portion of said fund shall remain in the county treasury to be used in the maintenance and operation of the juvenile court.''

The annual compensation of relator as probate and juvenile judge of said county is fixed by statute as follows: Section 2992, General Code, the sum of $3,435; Section 5348-10a, General Code, the sum of $1,170; Section 1639-7a, General Code, the sum of $1,500; the total compensation being the sum of $6,105, subject, however, to the limitation contained in Section 1639-7a, that the combined salaries, allowances and compensation of the probate judge and juvenile judge shall not exceed the total salary provided by law for a common pleas judge in said county.

As relator's compensation for his services as juvenile judge of said county for the months of June to November 1951, both inclusive, the respondent auditor, for each of said months, issued and delivered to him his warrant on the treasurer of said county, in the sum of $82.

The relator demanded that the respondent auditor issue and deliver to him a warrant upon the treasurer

of said county, in the amount of $258, representing the difference between the aggregate amount of the warrants so issued to him, and compensation for said services at the rate of $125 per month, which the relator claimed to be due him.

The maximum total annual compensation for a common pleas judge of Seneca county, as authorized by Sections 2251 and 2252, of the Ohio General Code, from the 20th day of September 1947, to the 31st day of December 1949, was $5,454.97; for the year 1950, as the result of the increase of population in said county, which increase became effective as of April 1, 1950, was $5,578.08; and was $5,619.12 for the year 1951.

Sections 2251 and 2252 were amended, effective September 18, 1951, and September 14, 1951, respectively, to provide a formula for determining the annual compensation, which, if applied to the then existing population of Seneca county, would fix it at $8,678.68.

In support of his claim for the relief prayed for in his petition the relator makes the following contentions:

1. That the incumbent probate and juvenile judge may receive an increase in compensation equal to the increase allowed to a common pleas judge by reason of an increase in county population as ascertained by the 1950 federal census, effective April 1, 1950.

2. That the total of the combined salaries, allowances and compensation upon which the limit is placed by Section 1639-7a does not include the compensation received in inheritance tax cases as provided in Section 5348-10a of the General Code of Ohio.

3. That the incumbent probate and juvenile judge, whose term of office commenced February 9, 1949, should receive an increase in compensation during his present term of office by reason of the increase in salary provided for a judge of the Common Pleas Court

by the amendments to Section 2251 and Section 2252 of the General Code of Ohio, which amendments became effective September 18, 1951, and September 14, 1951, respectively.

These contentions will be discussed in the order mentioned.

1. In the case of *State, ex rel. Mack, Judge,* v. *Guckenberger, Aud.,* 139 Ohio St., 273, 39 N. E. (2d), 840, 139 A. L. R., 728, it was held that as the formula for the increase in compensation of a common pleas judge by reason of increase in population was in effect at the time such judge commenced his term of office, an incumbent judge was entitled to receive such increase during his term of office and the payment of such increase to him during his term of office did not violate the provisions of Section 14, Article IV of the Constitution of Ohio, providing that the compensation of judges of the Common Pleas Courts "shall not be diminished, or increased during their term of office."

As such increase under the decision mentioned constitutes a portion of the compensation of a common pleas judge, it must be so considered in determining the application of the limitation prescribed by Section 1639-7a, as amended, upon the combined salaries, allowances and compensation, of the probate judge and juvenile judge. So applied, such limitation operates to give the probate judge and juvenile judge the benefit of such increase effective at the same time the increase of the compensation of a common pleas judge is effective. The first contention of relator is, therefore, well grounded.

2. In support of his second contention the relator cites Vol. 2, Opinions of Attorney General (1921), 1027, No. 2569, and Opinions of the Attorney General (1925), 43, No. 2181. An examination of these opinions discloses that they relate to the question as to

whether the allowances to a probate judge prescribed by statute in inheritance tax cases may be paid to him in addition to the salary prescribed by statute, and do not reflect in any way upon the interpretation or construction of the limitation prescribed by Section 1639-7$a$ of the General Code. The phrase, "combined salaries, allowances and compensation," by its express terms was clearly intended by the Legislature to include the statutory allowances to a probate judge provided in Section 5348-10$a$, General Code. The second contention of relator is therefore without merit.

3. We come now to relator's third and final contention. When relator commenced his present term of office on February 9, 1949, the annual compensation of a common pleas judge of Seneca county was $5,454.97. This compensation, as we have heretofore held, was subject to an increase during the term of the incumbent common pleas judge and also during the term of the relator to the sum of $5,578.08 during the year 1950, and to $5,619.12 during the year 1951 and each year thereafter. There was no change prescribed in the compensation of a common pleas judge for Seneca county until the amendments of General Code Sections 2251 and 2252, effective September 18, 1951, and September 14, 1951, respectively.

The incumbent common pleas judge is precluded from having benefit of this increase during his present term of office by reason of the inhibition contained in the provision of Section 14, Article IV of the Constitution of Ohio, hereinbefore mentioned.

The question then arises as to whether the probate judge and juvenile judge is also precluded from having the benefit of this increase by reason of said constitutional provision.

The formula prescribed by Section 1639-7$a$ of the General Code, as amended, relating to the compensa-

tion to be received by a probate judge and juvenile judge, unlike the formula prescribed by Sections 2251 and 2252 of the General Code, relating to the compensation to be paid a common pleas judge, under consideration in the case of *State, ex rel. Mack, Judge,* v. *Guckenberger, supra,* is a formula prescribing the maximum limit of compensation and not a formula for determining the amount of such compensation.

Consequently, the maximum amount to be paid relator during his current term of office for his combined salaries, allowances and compensation is governed by the statutory limitation in effect at the commencement of his current term of office which was then not to exceed the sum of $5,454.97 per annum, being the then annual compensation of a common pleas judge of said county, subject to being increased to the sum of $5,578.08 during the year 1950, and to being increased to $5,619.12 during the year 1951, and each year thereafter.

As the combined salaries, allowances and compensation of relator during his term of office are subject to the statutory limitation in effect at the commencement of his current term, the increase in compensation of a common pleas judge of said county, prescribed by amended Sections 2251 and 2252 of the General Code, enacted and becoming effective during relator's current term of office, does not, under the provisions of Section 14, Article IV of the Constitution of Ohio, inure to the benefit of relator in determining the maximum combined salaries, allowances and compensation to be paid him during his current term of office.

Relator's third contention is therefore without merit.

As the combined salaries, allowances and compensation the relator was entitled to receive during the year 1951 amounted to the sum of $5,619.12, it appears that

he was entitled to receive $84.51 per month during said year as his compensation for his services as juvenile judge, being at the rate of $2.51 per month in excess of the amounts for which the respondent auditor issued his warrants to the relator upon the treasurer of said county for the months of June to November, both inclusive, of said year. However, the petition of relator discloses that prior to June of said year the respondent auditor had issued warrants to him for his compensation as juvenile judge in the amounts of $125 per month, being $40.49 per month in excess of the amounts he was entitled to receive per month. The aggregate amount of such excess payments being greater than the aggregate amount of the underpayments during the months of June to November, both inclusive, the relator is not entitled to receive from said auditor warrants for any further amounts for his compensation as juvenile judge.

For the reasons mentioned, we find on the issues joined in favor of the respondent auditor and against the relator, and dismiss relator's petition at his costs.

*Writ denied.*

MIDDLETON, P. J., JACKSON and GUERNSEY, JJ., concur.